1
2
3
4
5

Ronda Baldwin-Kennedy, Esq. (SB #302813)
Jerome A Clay, Esq. (SBN#327175)
Law Office of Ronda Baldwin-Kennedy
5627 Kanan Rd. #614
Agoura Hills, CA 91301
Ph: (951) 268-8977
Fax: (702) 974-0147
Email:  ronda@lorbk.com

6    Attorney for: Plaintiff Donald McDougall

7

8                    **UNITED STATES DISTRICT COURT FOR THE**

9                  **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

10

11   Donald McDougall an Individual;            CASE NO. 2:20 CV-02927
     Plaintiff,

12
     v.                                          **PLAINTIFF'S MEMORANDUM IN**
13
     COUNTY OF VENTURA CALIFORNIA,               **SUPPORT OF EX PARTE**
14   Does 1-20 and Does 1-20                     **APPLICATION FOR TEMPORARY**
                                                 **RESTRAINING ORDER AND ORDER**
15                                               **TO SHOW CAUSE WHY A**
                    Defendant.                   **PRELIMINARY INJUNCTION**
16                                               **SHOULD NOT ISSUE**

17

18

19

20

21

22

23

24

25

26

27

28
                                        1
**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR
TEMPORARY RESTRAINING ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. 2

INTRODUCTION ............................................................................................................... 1

STANDARD OF REVIEW .................................................................................................. 1

BACKGROUND .................................................................................................................. 2

ARGUMENT ...................................................................................................................... 3

   A. Plaintiff Is Likely to Succeed on the Merits ................................................................ 4

VIOLATIONS OF EXECUTIVE ORDER N-33-20; .......................................................... 5

STAY WELL AT HOME ORDER ....................................................................................... 5

   B. The Public is Likely to Suffer Irreparable Harm in the Absence of Preliminary Relief ................ 6

   C. Preliminary Relief Will Not Impose an Undue Burden on Tribune ................................ 6

   D. Preliminary Relief Advances the Public Interest .......................................................... 6

CONCLUSION .................................................................................................................... 7

1

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

1
2
**TABLE OF AUTHORITIES**
3
4
Cases

5
Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co.,
  (1960) 363 U.S. 528 [80 S.Ct. 1326, 4 L.Ed.2d 1379] ....................................1
6
Caribbean Marine Services Co., Inc. v. Baldrige,
  (9th Cir. 1988) 844 F.2d 668 ..........................................................................1
7
District of Columbia v. Heller,
  (2008) 554 U.S. 570 [128 S.Ct. 2783, 171 L.Ed.2d 637] ...........................1, 3
8
Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of
  Alameda County,
  (1974) 415 U.S. 423 [94 S.Ct. 1113, 39 L.Ed.2d 435] ...................................1
9
10
Martin v. International Olympic Committee,
  (9th Cir. 1984) 740 F.2d 670 ..........................................................................1
11
McDonald v. City of Chicago, Ill.,
  (2010) 561 U.S. 742 [130 S.Ct. 3020, 177 L.Ed.2d 894] ...........................1, 3
12
Sampson v. Murray,
  (1974) 415 U.S. 61 [94 S.Ct. 937, 39 L.Ed.2d 166] .......................................1
13
Stanley v. University of Southern California,
  (9th Cir. 1994) 13 F.3d 1313 ..........................................................................1
14

15
Statutes
16
15 U.S.C.A. § 4 and 25 (West) ...........................................................................1
17
Rules
18
Fed. Rules Civ.Proc., rule 6, 28 U.S.C.A ..........................................................1
19
Fed. Rules Civ.Proc., rule 65, 28 .......................................................................1
20
21
22
23
24
25
26
27
28

2
**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **INTRODUCTION**

The Plaintiff moves for an order temporarily enjoining Defendant County of Ventura, California ("Ventura County"), from ordering gun stores closed under the Stay Well at Home Order. The continuation of the Gun Store closure leaves the Plaintiff and similar situated Ventura County Residence with no means to exercise their second amendment rights to bear arms in violation of the fourteenth and second amendment." District of Columbia v. Heller (2008) 554 U.S. 570, 592 [128 S.Ct. 2783, 171 L.Ed.2d 637]  and McDonald v. City of Chicago, Ill. (2010) 561 U.S. 742, 750 [130 S.Ct. 3020, 177 L.Ed.2d 894]; id. at p. 805 (Thomas, J., concurring).In order to preserve the status quo of Plaintiff and similarly situated residents of Ventura County to have access to Gun Stores to purchase of firearms. Plaintiff applies to this Court Pursuant to 15 U.S.C.A. § 4 and 25 (West) and Fed. Rules Civ.Proc., rule 6, 28 U.S.C.A., for temporary restraining order.  Without such an order guns stores will remain closed for an undetermined amount of time, immediately harming Plaintiff and similarly situated Ventura County Residents. After the Executive order N-33-20 and Stay Well at Home Orders were enacted, Ventura County, upon the advice of County Counsel ordered all gun stores to close until further notice. This temporary ban on the sale of firearms in Ventura County flatly violates the rights to arms and poses an immediate threat to constitutionally protected activates.

Plaintiff purchased a firearm from a Gun Store within the County of Ventura.  During the mandatory waiting period, the Executive order N-33-20 and Stay Well at Home Orders were enacted. After the ordered gun store closures, Plaintiff has been unable to pick up his purchased firearm; Plaintiff and similarly situated Ventura county residents are being denied access and use of their property.

1

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**STANDARD OF REVIEW**

Temporary restraining orders are designed to preserve the status quo pending the ultimate outcome of litigation. They are governed by Fed. Rules Civ.Proc., rule 65, 28 U.S.C.A.(b) which requires the moving party to show that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition...." Under Fed. Rules Civ.Proc., rule 65, 28 U.S.C.A.(b) and Ninth Circuit case law, a plaintiff may obtain a temporary restraining order only where he or she can "demonstrate immediate threatened injury." See, e.g., Caribbean Marine Services Co., Inc. v. Baldrige (9th Cir. 1988) 844 F.2d 668, 674 (emphasis in original). The party seeking the temporary restraining order or preliminary injunction must prove the prerequisites by clear and convincing evidence. Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County (1974) 415 U.S. 423, 441 [94 S.Ct. 1113, 39 L.Ed.2d 435].

The standards for a restraining order are basically the same as for a preliminary injunction. While courts are given considerable discretion in deciding whether a preliminary injunction should enter, and injunctive relief is not obtained as a matter of right, it is also considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. See Sampson v. Murray (1974) 415 U.S. 61 [94 S.Ct. 937, 39 L.Ed.2d 166]; Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co. (1960) 363 U.S. 528 [80 S.Ct. 1326, 4 L.Ed.2d 1379]; and Stanley v. University of Southern California (9th Cir. 1994) 13 F.3d 1313. In the case of Martin v. International Olympic Committee (9th Cir. 1984) 740 F.2d 670, 674–675, the Ninth Circuit stated that a party seeking preliminary injunctive relief must meet the following test.

1

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

a court may issue a preliminary injunction if it finds that: (1) the [moving party] will suffer irreparable harm if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving] party will not be harmed more than [the moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

## **BACKGROUND**

On March 19, 2020 Governor Newsom issued Executive Order N-33-20 directing all residents immediately heed current State and public health directives to stay at home. Under the executive Order all non-essential businesses were ordered closed. Under the executive Order law enforcement and private security was deemed an essential workforce.

March 20th, 2020 Ventura County Health Officer issued a Stay Well at Home Order which ordered all non- essential business closed. Stay Well at Home Order in Paragraph 7(e) (15) defines an essential business as businesses that supply other essential businesses with the support or supplies necessary to operate. Ventura County deemed Gun Stores as a non-essential business. Gun Stores supplies, products needed for law enforcement and private security both which are essential businesses/workforce.

In California, individuals are required to purchase and transfer firearms and ammunition through state and federally licensed dealers.

Under Federal and State law anyone in California, individuals are required to complete a background check with a 10 day wait period. Once 10 days has passed the purchaser has 30 days to pick up their firearm and complete the transfer documents. Further, it is required that prior to the purchaser removing the firearm from the licensed gun store they do so with a gunlock and gun box. These items are also available for purchased at a gun store. Plaintiff purchased a firearm from a

2

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Gun Store within the County of Ventura. During the mandatory waiting period, the Executive order N-33-20 and Stay Well at Home Orders were enacted.

## ARGUMENT

If not preliminarily enjoined, the County of Ventura will continue to violate Plaintiff's Constitutional rights and those Ventura County Residents similar situated with the closure of gun store and its essential Ban on firearm sales. Even a temporary deprivation of a Constitutionally protected activity is generally sufficient to prove irreparable harm.  Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." District of Columbia, supra, 554 U.S. at p. 592. And it "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." Id. at p. 635. Without gun stores to purchase fire arms the Plaintiff and similarly situated Ventura County Residents are being denied a right to bear arms.

The Second Amendment is fully applicable to the States thought the Fourteenth Amendment's Due Process and Privileges or Immunities Clauses. McDonald, supra, 561 U.S. at p. 750; id. at p. 805 (Thomas, J., concurring).

The Fourteenth Amendment to the United States Constitution provides in pertinent part: No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. Plaintiff alleges violations under the Second and Fourteenth Amendment are fundamental rights under the U.S. Constitution and therefore Strict Scrutiny should be used to analyze the infringement.  With Strict scrutiny, Ventura County must show a compelling governmental interest, narrowly tailored to achieve the goal, and the least restrictive way to achieve that goal.

3

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Ventura County may have a compelling government interest, to ensure that the Maximum number of persons stay indoors in order to slow the spread of COVID-19 to the maximum extent possible. (see exhibit a) However, Ventura County did not narrowly tailor and took the most restrictive way to achieve that goal, by closing gun stores.  There are least restrictive ways to achieve that goal, Ventura County, allows other business such as drycleaners to remain open using measure such as social distancing, or having customers shop by appointment. None of these measures were taken prior to closing the gun stores.

### A. Plaintiff Is Likely to Succeed on the Merits

The Fourteenth Amendment to the United States Constitution provides in pertinent part: No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. Plaintiff's complaint alleges violations under the Second and Fourteenth Amendments which are fundamental rights under the U.S. Constitution and therefore Strict Scrutiny should be used to analyze the infringement.  With Strict scrutiny, Ventura County must show a compelling governmental interest, narrowly tailored to achieve the goal, and the least restrictive way to achieve that goal.

Ventura County may have a compelling government interest, to ensure that the Maximum number of persons stay indoors in order to slow the spread of COVID-19 to the maximum extent possible. (Exhibit A attached here to Stay Well at Home Order DK# 1 at page 1-7) However, Ventura County did not narrowly tailor and took the most restrictive way to achieve that goal, by closing gun stores.  There are least restrictive ways to achieve that goal, Ventura County, allows other business such as drycleaners to remain open using measure such as social distancing, or

4

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

having customers shop by appointment. None of these measures were taken prior to closing the gun stores.

## VIOLATIONS OF EXECUTIVE ORDER N-33-20;

## STAY WELL AT HOME ORDER

Effective March 19, 2020, Governor Gavin Newsom signed Executive Order N-33-20, directing all individuals living in California to "stay home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors." This Order is in place until further notice. The Executive Order provides that Californians working in critical infrastructure sectors may continue their work because of the importance of these sectors to Californians' health and well-being. The Executive Order includes a list of Essential Workforce/Critical Infrastructure which named law enforcement and private security as an essential workforce.

Effective March 20, 2020, Robert Levin M.D., Ventura County Health Officer signed the Stay Well at Home Order (Exhibit A) which incorporated Executive Order N-33-20, directing all individuals living in Ventura County to "Stay at their place of residence as required by the Governor's Executive Order N-33-20, subject to the exemptions set forth in this order"   Further, the Stay Well at Home Order §3 list exemptions to the Order which states in part "Persons may leave their places of residence only for Essential Activities…to operate or work at Essential Businesses"  §7 (e) (15) defines  an essential business as "Businesses that supply other Essential Businesses with the support or supplies necessary to operate…"

Gun stores provide supplies necessary for the operation of private security and law enforcement, however if gun stores are closed they are not made available to the essential workforce.

The action by Ventura County firmly establishes a prima facie case and a likelihood of success on the merits.

5

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**B. The Public is Likely to Suffer Irreparable Harm in the Absence of Preliminary Relief**

Plaintiff's gun is locked in a gun store within the County of Ventura; Plaintiff has cleared the back ground check required by State law. Under Federal and State law Plaintiff thirty (30) days after clearing the back ground check to transfer ownership of the gun. We are nearing the end of the thirty (30) days; if the gun is not transferred the Plaintiff would have to start the entire process over again, paying the required fees a second time.

Anyone caught violating the Stay Well at Home Order could be charged with a misdemeanor punishable by imprisonment, fine, or both under California Health and Section Code 120295 et seq. Therefore if the Plaintiff or any similarly situated Ventura County Resident attempted to leave their homes to purchase a fire arm they could be charged with a misdemeanor (Exhibit A attached here to Stay Well at Home Order DK# 1 at page 6 sec. 7g and page 2 sec. 6) For the foregoing reasons it is likely the public will suffer irreparable harm without a TRO

**C. Preliminary Relief Will Not Impose an Undue Burden on Tribune**

This motion for TRO merely seeks to have Venture County open gun stores and use less restrictive ways to achieve their government interest.  There are reasonable less restrictive ways such as social distancing; these measures will not impose an undue burden on the Ventura County.

**D. Preliminary Relief Advances the Public Interest**

Preserving the status quo by maintaining Plaintiff and similarly situated Ventura County Residents Constitutional rights to bear arms. Residents of Ventura County are unable to purchase fire arms in the County of Ventura and they are not allowed to leave their homes nor the County to purchase fire arms from an open gun store located in another county.  The Orders prohibit inter county travel except for permitted reasons; the purchase of a firearm is not a permitted reason.

Relief is necessary to protect the public interest (Exhibit A attached here to Stay Well at Home Order DK# 1 at page 6 sec.7g and page 2 sec. 6)

6

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff Donald McDougall respectfully requests that the Court issue Temporary Restraining Order, or in the alternative, a Preliminary Injunction, barring Ventura County from forcing gun stores to close under the Stay Well at Home Order pending final resolution of Plaintiff's Complaint. Since the injuries the Stay Well at Home Order has inflicted and continues to inflict upon Plaintiff and similarly situated Ventura County Residents, Plaintiff respectfully requests the Court immediately consider the application for Temporary Restraining order.

Respectfully submitted,


Dated:  March 30, 2020



**/S/ Ronda Baldwin-Kennedy_____**

Ronda Baldwin-Kennedy, Esq

7

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**