UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | 20-CV-02927-CBM-(ASx) |
| Date | March 31, 2020 |
| Title | *Donald McDougall v. County of Ventura California* |

Present: The Honorable  CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings:    **IN CHAMBERS- ORDER RE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. NOS. 9, 10)**

On March 30, 2020, Plaintiff Donald McDougall applied *ex parte* for an order temporarily restraining Defendant County of Ventura, California (the "County") from ordering the closure of gun stores pursuant to the County's "Stay Well At Home" order (the "County Order"), dated March 20, 2020. (*See* Dkt. No. 9-1 ("TRO") at p. 1:2-4; Dkt. No. 1, Exh. 1 (County Order).) The County Order was issued to "ensure that the maximum number of persons stay in their places of residence to the maximum extent feasible" in order to combat the spread of the COVID-19 virus. (County Order ¶ 1.) To achieve this goal, the County Order requires, amongst other things, persons currently living in Ventura County "to stay at their places of residence," businesses "to cease all activities at facilities within the County," and to cease traveling within the County. (*Id.* ¶¶ 2, 4, 6.) The County Order designates certain activities and industries as "Essential Activities" and "Essential Businesses," and exempts those categories from its prohibitions. (*Id.* ¶¶ 7(a)-(g).) The County Order remains effective until April 19, 2020, or until it is "extended, rescinded, superseded, or amended in writing by the Health Officer" of the County. (*Id.* ¶ 10.) Plaintiff alleges gun stores are categorized "as a non-essential business" and are therefore prohibited from operating.

Plaintiff purchased a handgun from the Camarillo Gun store on or about March 9, 2020. (Dkt. No. 9, Exh. 1 (McDougall Decl.) at ¶ 2.) By law, the purchaser of the firearm must wait 10 days from the time of purchase to pick up the firearm from the store, during which a background check of the purchaser is conducted. *See* Cal. Penal Code § 16815 ("No firearm shall be delivered ... [w]ithin 10 days of the application to purchase[.]"). The purchaser then has 30 days to retrieve the purchased firearm. *See* Cal. Penal Code § 28220(f). During the 10-day waiting period for the handgun Plaintiff purchased, Plaintiff alleges the County Order was enacted and required all gun stores in Ventura County to close until further notice. (*Id.* at p. 1:14-26.) Plaintiff declares he cannot have his background check processed while the gun store is closed, retrieve the handgun he purchased, or purchase additional ammunition or firearms. (McDougall Decl. at ¶¶ 2-3.)

Federal Rule of Civil Procedure 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit … clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  In this case, Plaintiff states that he provided notice to the Defendant by email. Assuming that notice satisfies Rule 65(b), then the Court must analyze the merits of the requested TRO.  The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction, and requires the party seeking relief to show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of injunctive relief, (3) that the balance of equities is in his favor, and (4) that injunctive relief is in the public interest.  *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

To evaluate the merits of a Second Amendment claim, the Ninth Circuit "asks whether the challenged law burdens conduct protected by the Second Amendment; and (2) if so, what level of scrutiny should be applied." *Fyock v. Sunnyvale*, 779 F.3d 991, 996 (9th Cir. 2015) (quotation omitted).  The Court employs intermediate scrutiny if the challenged regulation does not place a substantial burden on that right.  *Id.* at 988-999.

Here, Plaintiff argues strict scrutiny applies because his rights under the Second and Fourteenth Amendments of the United States Constitution have been violated as a result of the County Order because he has not been provided information concerning his background check or commencement of the 10-day waiting period to retrieve his firearm and cannot travel outside Ventura County to purchase a firearm or ammunition elsewhere, thereby burdening his ability to acquire a handgun.  Although the County Order may implicate the Second Amendment by impacting "the ability of law-abiding citizens to possess the 'quintessential self-defense weapon' – the handgun," *Fyock*, 779 F.3d at 999 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008), this Court finds that intermediate scrutiny is appropriate because the County Order "is simply not as sweeping as the complete handgun ban at issue in *Heller*."  *Id.*  The County Order does not specifically target handgun ownership, does not prohibit the ownership of a handgun outright, and is temporary. Therefore, the burden of the County Order on the Second Amendment, if any, is not substantial, so intermediate scrutiny is appropriate.

To survive intermediate scrutiny, the County Order must promote a "substantial government interest that would be achieved less effectively absent the regulation." *Id.* at 1000.  Plaintiff does not dispute that mitigation of the spread of the COVID-19 virus is a compelling interest, but offers no evidence or argument disputing the County's determination that its mitigation effort would be as effective without closure of non-essential businesses. Therefore, Plaintiff has not demonstrated he is likely to succeed on the merits of his claim.

Plaintiff also fails to demonstrate that the requested injunctive relief is in the public interest or that the balance of the equities favors the grant of an injunction.  As in *Winter*, this case involves "complex, subtle, and professional decisions" by the County, which are entitled to deference. *Id.* at 24.  Furthermore, while the public interest is served by protecting Second Amendment rights, the public interest is also served by protecting the public health by limiting the spread of a virulent disease.   Under these facts, Plaintiff has not demonstrated that the balance of the equities and public interest favors the injunction.

Therefore, the Court **DENIES** Plaintiff's request for a temporary restraining order.

**IT IS SO ORDERED.**