1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

9
10

DONALD MCDOUGALL

CASE NO.:
2:20–cv–02927–CBM–AS

11
12

Plaintiff(s),

v.

**STANDING ORDER**

13
14

COUNTY OF VENTURA
CALIFORNIA, et al.

15
16

Defendant(s).

17

18

## READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND MAY DIFFER IN SOME RESPECTS FROM THE LOCAL RULES.

19

20    This action has been assigned to the calendar of Honorable Consuelo B. Marshall.

21    Both the Court and the attorneys bear responsibility for the progress of litigation

22    in this Court. To secure the just, speedy, and inexpensive determination of every

23    action, all counsel are ordered to familiarize themselves with the Federal Rules of

24    Civil Procedure and the Local Rules of the Central District of California.[1] FED.R.

25    CIV.P.1

26    ///

27    _____

28    [1] Copies of the Local Rules are available at
http://www.cacd.uscourts.gov/court-procedures/local-rules

**NONCOMPLIANCE MAY LEAD TO THE IMPOSITION OF SANCTIONS, INCLUDING THE STRIKING OF PLEADINGS AND ENTRY OF JUDGMENT OR DISMISSAL OF THE ACTION.**

**IT IS FURTHER ORDERED:**

**1.    Service of the Complaint:**

The Plaintiff shall promptly serve the Complaint in accordance with Federal Rule of Civil Procedure 4 and shall comply with Local Rule 5-3 with respect to all proofs of service.

**2.    Presence of Lead Counsel:**

Lead trial counsel shall attend any proceeding before this Court, including all status and settlement conferences.

**3.    Rule 26(f) Meeting of Counsel:**

Counsel for the parties shall meet personally pursuant to Federal Rule of Civil Procedure 26(f) and applicable Local Rules in anticipation of the court-ordered scheduling conference. FED.R.CIV.P. 16(b).

**4.    Joint Report of Rule 26(f) Meeting:**

Unless otherwise ordered, no later than seven (**7**) days before the Scheduling Conference, counsel shall file a Joint Report of Rule 26(f) Meeting. A Joint Report which is not timely filed or does not conform with this Order, Federal Rule of Civil Procedure (26)(f), and applicable Local Rules will interfere with preparation by the Court and its staff, and may result in the assessment of sanctions.

The Joint Rule 26(f) Report shall address the matters set forth in Federal Rule of Civil Procedure 26(f) (some of which are enumerated below), and shall also contain the following:

(a)    A brief statement by each party, not to exceed one (1) page, setting forth that party's factual summary of the case, including the basis for any claims, counterclaims, or defenses.

(b)    The basis for the Court's subject-matter jurisdiction.

(c)    A brief description of the key legal issues.

(d)    The realistic range of probable damages.

(e)   The likelihood of appearance of additional parties.

(f)   Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

(g)   A proposed discovery cut-off date. <u>Note</u>: this means the final day for <u>completion of discovery</u>, including resolution of all discovery motions.

(h)   What motions (other than discovery motions) are contemplated.

(i)   Prospects of settlement based on counsel's discussion at the Rule 26(f) meeting and any other communications.

(j)   Whether the trial will be a court or jury trial.

(k)   The estimated length of trial.

(l)   The name of the attorney(s) who will try the case.

(m)   Prospects of counsel exercising their right, under 28 U.S.C. § 636, to consent to the designation of a Magistrate Judge to conduct all proceedings (including trial) and final disposition, pursuant to General Order 05-07 (also referenced as General Order 194).[2]

## 5.   <u>Mandatory Settlement Procedure:</u>

In conformity with the Local Rules, counsel shall file the settlement procedure selection by the date given by the Court at the time of the Scheduling Conference. Available alternatives for consideration, not to the exclusion of others, include:

(1)   a settlement conference before the district judge or magistrate judge assigned to the case;

(2)   a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel (list available from the Court's website); or

(3)   the employment by the parties of a private judge, mediator or arbitrator. *See* L.R. 16-15

_____

[2] Counsel should note that they may select from among the panel of available Magistrate Judges (<u>i.e.</u>, counsel are not limited to consenting to the Magistrate Judge assigned to this case, provided all parties concur. A list of the current available Magistrate Judges is available on the Court's website. Counsel should note that the Magistrate Judge will set his/her own discovery schedule and will be able to give counsel a "date certain" for trial).

**6.    Discovery:**

All discovery matters have been referred to a Magistrate Judge, who will hear all discovery disputes. (The Magistrate Judge's initials follow the District Judge's initials next to the case number.) All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Please do not deliver courtesy copies of discovery documents to the District Judge.

**7.    Motions:**

**a. Time for Filing and Hearing Motions:** Motions shall be filed in accordance with Local Rules 6 and 7. Local Rule 6-1 provides: "The notice of motion shall be filed with the Clerk no later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service." This Court typically hears motions on **TUESDAYS, beginning at 10:00 a.m.** The briefing schedule for the motion shall be governed by Local Rules 6 and 7. **No supplemental brief shall be filed without prior leave of Court.**

Adherence to deadlines is mandatory for chambers' preparation of motion matters.

**b. Pre-filing Requirement:** Counsel should take note of Local Rule 7-3, which requires "counsel contemplating the filing of any motion" to "first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues sufficiently that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference.

**c. Length and Format of Motion Papers:** Pursuant to Local Rule 11-6, Memoranda of Points and Authorities in support of or in opposition to motions **shall not exceed twenty-five (25) pages**, absent leave of Court. **Replies shall not exceed ten (10) pages**. Only in rare instances and for good cause shown

will the Court grant an application to extend these page limitations.

Pursuant to Local Rule 11-8, all Memoranda of Points and Authorities exceeding ten (10) pages must be accompanied by a Table of Authorities and a Table of Contents.

Footnotes shall be in typeface no less than two sizes smaller than text size (*e.g.*, if text size is 14, font size shall be no smaller than 12) and shall be used sparingly.

References to documents or evidence filed with the Court shall include a citation to the appropriate docket number and a pin cite.

Filings which do not conform to the Local Rules and this Order may be stricken.

**d. Requests for Judicial Notice:** Parties requesting judicial notice shall identify the adjudicative fact(s) for which it seeks notice pursuant to Federal Rule of Civil Procedure 201.

**e. Motions In Limine:** Motions in limine shall be noticed for hearing no later than the final pretrial conference date. No replies shall be filed, absent leave of Court.

**f. Under Seal Filings:** Applications to file documents under seal shall comply with Local Rule 79-5.2, and shall identify the specific material with supporting legal authority (*i.e.*, rule, statute and/or case law) to support a good cause showing. A protective order signed by the parties does not establish good cause to file documents under seal with the Court. For additional information regarding under seal filings, *see* https://www.cacd.uscourts.gov/e-filing/sealed-documents.

**8.      MANDATORY Courtesy Copies:**

Pursuant to General Order 08-11 and Local Rule 11-3, and unless otherwise ordered by the Court, mandatory chambers copies of **ALL e-filed** documents, including Ex Parte or Temporary Restraining Order documents, must be delivered

to the courtesy copy boxes next to the Customer Service window, at 350 W. 1st Street, Attention: Yolanda Skipper, on the 4th floor of the U.S. Courthouse, **no later than 12:00 noon the following business day**. The mandatory chambers copy must be prominently labeled CHAMBERS COPY on the face page. The mandatory chambers copy of all electronically filed documents must include the Notice of Electronic Filing as the last page of the document. **Failure to timely supply courtesy copies of papers may result in the hearing being taken off calendar.**

**9.    Proposed Orders:**

Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. A party objecting to evidence shall similarly lodge a Proposed Order setting forth the specific evidence and basis for the objection(s). All Proposed Orders shall be submitted via e-mail to cbm_chambers@cacd.uscourts.gov in Microsoft Word format. Where applicable, parties shall comply with Local Rules 52 and 58.

**10.    Ex Parte Applications:**

Counsel are reminded ex parte applications are solely for extraordinary relief. Applications that do not meet the requirements set forth in Local Rules 7-19 will not be considered. The Court considers ex parte applications on the papers and usually does not set these matters for hearing.

**11.    Continuances:**

Counsel requesting a continuance must lodge --**prior to the date to be continued**-- a Proposed Stipulation and Order including a detailed declaration of the grounds for the requested continuance or extension of time. The Court grants continuances only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied. Failure to comply with the Local Rules and this Order may result in

1   denial of the request for continuance.

2   **12.    Communications with Chambers:**

3   Counsel shall not attempt to contact the Court or its chambers staff by

4   telephone or by any other ex parte means, although counsel may contact the

5   **Courtroom Deputy, Yolanda Skipper,** at: yolanda_skipper@cacd.uscourts.gov,

6   with appropriate inquiries. To facilitate communication with the Courtroom

7   Deputy, counsel should list their facsimile transmission numbers and email

8   addresses along with their telephone numbers on all papers.

9   **13.    Notice of this Order:**

10   **Counsel for the Plaintiff shall immediately serve this Order on all parties,**

11   **including any new parties to the action. If this case came to the Court by**

12   **noticed removal, the defendant shall serve this Order on all other parties.**

13

14

15   Dated: April 1, 2020

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE