UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 20-CV-02927-CBM-(ASx) | Date | April 30, 2020 |
| Title | Donald McDougall, et al. v. County of Ventura, California, et al. | | |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**   **IN CHAMBERS- ORDER RE PLAINTIFFS' SECOND EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 27)**

The matter before the Court is Plaintiffs' "Second Ex Parte Application for Temporary Restraining Order" (the "TRO"). (Dkt. No. 27.) Defendants oppose the issuance of a TRO. (Dkt. No. 29.) The Court previously denied Plaintiff Donald McDougall's "First Ex Parte Application for a Temporary Restraining Order." (*See* Dkt. No. 12.) Since then, Plaintiff filed the First Amended Complaint ("FAC"), which includes additional Plaintiffs and a cause of action under 42 U.S.C. § 1983 for violation of the right to travel, guaranteed by U.S. Const., Art. IV § 2. (*See* Dkt. No. 19 (FAC) at ¶¶ 8-11, 82-88.) Plaintiffs also filed a motion for an expedited preliminary injunction hearing (Dkt. No. 20), which the Court set for hearing on May 19, 2020, a date to which the parties previously stipulated, pursuant to Local Rule 65-1. (Dkt. No. 28.)

The standard for issuing a temporary restraining order is similar to the standard for issuing a preliminary injunction, and requires the parties seeking relief to show (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities is in their favor, and (4) injunctive relief is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Here, the TRO seeks relief nearly identical to Plaintiff McDougall's first application for a temporary restraining order. Defendants' opposition includes evidence in support of its position, however the Court has not considered this evidence in ruling on this TRO because both parties will have an opportunity to present evidence at the expedited hearing on Plaintiffs' motion for preliminary injunction. Therefore, the Court finds that Plaintiffs have failed to demonstrate they are likely to succeed on the merits of their Second Amendment claim and have not shown that the balance of the equities favors a temporary restraining order. (*See* Dkt. No. 12.)

Plaintiffs also argue the County of Ventura's Stay Well at Home Order violates the Privileges and Immunities Clause of the United States Constitution and the right to travel by prohibiting them from traveling to adjacent counties. (FAC ¶¶ 82-88; TRO at p. 21:3-9.) The United States Constitution provides that "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." Const., Art. IV §

2, cl. 1.  The Privileges and Immunities Clause precludes "discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States." *Saenz v. Roe*, 526 U.S. 489, 502 (1999) (citation and quotation marks omitted).

      Here, the parties dispute whether the "Non-Essential Travel" provision of the Stay Well at Home Order violates the right to travel given its exemption for travel that implicates the Commerce Clause of the United States Constitution, or whether the "Non-Essential Travel" provision applies to Plaintiffs.  Resolution of both issues bears directly on whether Plaintiffs are likely to succeed on the merits and whether they have suffered irreparable harm.  Therefore, based on the current record, Plaintiffs have failed to satisfy their burden required for the issuance of a temporary restraining order.

      The Court **DENIES** the TRO and **GRANTS** the order to show cause why this TRO should not issue, in accordance with Local Rule 65-1. The Court consolidates the hearings on the orders to show cause why the temporary restraining orders should not issue and Plaintiff's motion for a preliminary injunction, per the Court's scheduling order dated April 27, 2020.  (*See* Dkt. No. 28.)  The Court will consider evidence from both parties supporting their positions at the expedited hearing for the issuance of a preliminary injunction.

      **IT IS SO ORDERED.**