LEROY SMITH, State Bar No. 107702
County Counsel, County of Ventura
CHARMAINE H. BUEHENER, State Bar No. 220868
Assistant County Counsel
800 South Victoria Avenue, L/C #1830
Ventura, California 93009
Telephone:  (805) 654-2588
Facsimile:   (805) 654-2185
E-mail:      charmaine.buehner@ventura.org

Attorneys for Defendants County of Ventura (also erroneously sued as Ventura County Public Health Care Agency), Sheriff William Ayub (erroneously sued as "Bill Ayub"), Robert Levin and William T. Foley

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD MCDOUGALL, an individual; JULIANA GARCIA, an individual; SECOND AMENDMENT FOUNDATION; CALIFORNIA GUN RIGHTS FOUNDATION; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br> vs. <br><br> COUNTY OF VENTURA, CALIFORNIA; BILL AYUB, in his official capacity; WILLIAM T. FOLEY, in his official capacity, ROBERT LEVIN, in his official capacity; and VENTURA COUNTY PUBLIC HEALTH CARE AGENCY, <br><br> Defendants. | No. 2:20 cv-02927 CBM(ASX) <br><br> DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT <br><br> Date:  June 30, 2020 <br> Time: 10:00 a.m. <br> Ctrm:  8b <br> Judge: Hon. Consuelo B. Marshall <br><br> Trial:            Not Set <br> Complaint Filed:  March 28, 2020 |

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I    REPLY IN SUPPORT OF MOTION TO DISMISS ................... 1

    A.    The Only Issue Remaining in This Lawsuit Is Whether the County's Now-Repealed Stay-At-Home Order, in Effect from March 20 to May 7, Violated the Second Amendment ........................ 1

    B.    The Motion to Dismiss Appropriately Relies on Complaint Allegations and Judicially Noticeable Facts Not Subject to Reasonable Dispute ........................................ 2

    C.    Plaintiffs Fail to State a Claim for Violation of their Second Amendment Rights ........................................ 4

        1.  The Repealed Stay-at-Home Order Survives Scrutiny under the Applicable *Jacobson* Framework ........................ 5

        2.  The Repealed Stay-at-Home Order Survives Scrutiny under Traditional Constitutional Analysis ........................ 9

    D.    Plaintiffs' Case is Moot ........................................ 10

        1.  The Voluntary Cessation Doctrine Does Not Overcome the Presumption of Mootness ........................ 12

        2.  The Repealed Stay-at-Home Order Is Not "Capable of Repetition Yet Evading Review" within the Meaning of the Mootness Doctrine . 14

II    CONCLUSION ........................................ 15

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Adams & Boyle v. Slatery* (6th Cir. 2020)
    956 F.3d 913 .................................................. 7

*Altman v. County of Santa Clara* (N.D. Cal. June 2, 2020)
    __ F.Supp.3d __, 2020 WL 2850291 .................... 2, 3, 6, 7, 8, 9

*Am. Cargo Transp., Inv. v. United States* (9th Cir. 2010)
    625 F.3d 1176 ................................................ 13

*Ashcroft v. ACLU* (2004)
    542 U.S. 656 .................................................. 9

*Board of Trustees of Glazing Health and Welfare
    Trust v. Chambers* (9th Cir. 2019)
    941 F.3d 1195 ............................................ 11, 12, 13

*Cross Culture Christian Center v. Newsom* (E.D. Cal. May 5, 2020)
    2020 WL 2121111 .............................................. 7

*District of Columbia v. Heller* (2008)
    554 U.S. 570 ................................................ 8, 9

*Gish v. Newsom* (C.D.Cal. April 23, 2020)
    WL 2687079 ................................................... 7

*Grant v. Aurora Loan Svcs.* (C.D. Cal. 2010)
    736 F.Supp.2d 1257 ........................................... 3

*Harlow v. Fitzgerald* (1982)
    457 U.S. 800 ................................................. 10

*In re Abbott* (5th Cir. 2020)
    954 F.3d 772 ................................................. 7

*In re Rutledge* (8th Cir. 2020)
    956 F.3d 1018 ................................................ 7

*Jackson v. City and County of San Francisco* (9th Cir. 2014)
    746 F.3d 953 ................................................. 9

*Jacobson v. Commonwealth of Massachusetts* (1905)
    197 U.S. 1 .............................................. 5, 6, 7, 8

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Kingdomware Techs., Inc. v. United States* (2016)
 \_\_\_ U.S. \_\_\_ ,136 S.Ct. 1969 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Lee v. City of Los Angeles* (9th Cir. 2001)
 250 F.3d 668. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Pena v. Lindley* (9th Cir. 2018)
 898 F.3d 969. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Planned Parenthood of Greater Washington and North Idaho v. U.S. Dep't of Health and Human Svcs.* (9th Cir. 2020)
 946 F.3d 1100. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Protectmarriage.com-Yes on 8 v. Bowen* (9th Cir. 2014)
 752 F.3d 827. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Robinson v. Att'y Gen.* (11th Cir. 2020)
 957 F.3d 1171. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*SB Patients' Collective Co-Op v. City of Santa Barbara* (C.D. Cal. 2012)
 911 F.Supp.2d 884 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Silvester v. Harris* (9th Cir. 2016)
 843 F.3d 816. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*South Bay United Pentecostal Church v. Newsom* (May 29, 2020)
 \_\_\_ U.S. \_\_\_, 2020 WL 2813056 . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

*Sprewell v. Goldenstate Warriors* (9th Cir. 2001)
 266 F.3d 979. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.* (2007)
 551 U.S. 308. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*U.S. v. Ritchie* (9th Cir. 2003)
 342 F.3d 903. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*West Coast Seafood Processors Ass'n v. Natural Resources Defense Council* (9th Cir. 2011)
 643 F.3d 701. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Wilson v. Lynch* (9th Cir. 2016)
 835 F.3d 1083. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page**

Federal Rules of Civil Procedure

    rule 12 .................................................................. 2
    rule 12(b)(1) ........................................................ 2, 3
    rule 12(b)(6) ......................................................... 2

Defendants County of Ventura, Sheriff William Ayub, Dr. Robert Levin and William T. Foley (collectively "Defendants") submit this reply to the opposition filed by plaintiffs Donald McDougall, Juliana Garcia, Second Amendment Foundation, California Gun Rights Foundation and Firearms Policy Coalition (collectively "Plaintiffs") in support of Defendants' motion to dismiss the first amended complaint ("MTD").

## I

## REPLY IN SUPPORT OF MOTION TO DISMISS

### A. The Only Issue Remaining in This Lawsuit Is Whether the County's Now-Repealed Stay-At-Home Order, in Effect from March 20 to May 7, Violated the Second Amendment

Plaintiffs' opposition to the MTD ("Opposition") confirms that Plaintiffs do not challenge the now-operative public health orders of the Ventura County Health Officer ("Health Officer") that have issued since May 7, 2020. (ECF 43.) These orders, issued May 7, 12, 20, 22 and 29, and June 11 (collectively, "Local Reopen Order") have increasingly allowed businesses to re-open, including firearms stores and shooting ranges, and have increasingly lifted local regulations to align with the orders and guidance from Governor Gavin Newsom and the state public health officer ("State Order"). (ECF 42, pg. ID 765.) Indeed, since the filing of the MTD, the trend of the County's gradual reopening in accordance with the four-phased approach detailed in the State Order has continued. Most recently, on June 11, the Health Officer issued an order that allows for "higher risk" businesses such as fitness facilities, family entertainment venues, camp grounds and RV parks to reopen so long as social distancing protocols and other safety measures are followed. (Supplemental Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint, Exh. 1 ("Supp. RJN").)

Plaintiffs also indicate they "are dismissing Count Two of the FAC concerning the right to travel." (ECF 43, Pg. ID 1005, n. 1.) In so doing,

Plaintiffs did not address, nor can they reasonably challenge, the plain language of the prior orders of the Health Officer, issued March 17, 20, and 31, and April 9 and 20 (collectively "Repealed Stay-At-Home Order") that expressly authorized Plaintiffs and their members to travel outside the County for the purpose of engaging in interstate commerce, which included travel for the purpose of engaging in firearms transactions. (ECF 42, Pg. ID 761-764.) With these concessions, Plaintiffs' only remaining claim is that the Repealed Stay-at-Home Order, in effect from March 20 to May 7, violated the Second Amendment. To the extent this court does not find the claim to be moot, Plaintiffs do not and cannot state a claim that such a violation occurred. (*Altman v. County of Santa Clara* (N.D. Cal. June 2, 2020) __ F.Supp.3d __, 2020 WL 2850291 ("*Altman*") [dismissing as moot claim that repealed public health orders violated Second Amendment and denying motion for preliminary injunction on remaining Second Amendment and due process claims].)

**B.    The Motion to Dismiss Appropriately Relies on Complaint Allegations and Judicially Noticeable Facts Not Subject to Reasonable Dispute**

Plaintiffs appear to argue generally that Defendants' motion should be denied because the motion relies on "extrinsic evidence" that is disallowed in connection with a motion to dismiss under rule 12 of the Federal Rules of Civil Procedure. (ECF 43, Pg. ID 1005-08.) No such extrinsic evidence is presented with Defendants' motion. Rather, the MTD relies only on judicially noticeable facts that are not subject to reasonable dispute, and on facts from documents cited extensively in and incorporated by reference into Plaintiffs' complaints. (ECF 1 & 19.) These facts are all appropriately considered in connection with a motion to dismiss, whether under rule 12(b)(6) or 12(b)(1).[1/] (*Tellabs, Inc. v. Makor Issues*

---

[1/] Plaintiffs point out that Defendants' notice of motion cites only Federal Rules of Civil Procedure rule 12(b)(6) as a ground for the MTD, even though the (continued...)

2

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*& Rights, Ltd.* (2007) 551 U.S. 308, 322-324 [127 S.Ct. 2499]; see also *Grant v. Aurora Loan Svcs.* (C.D. Cal. 2010) 736 F.Supp.2d 1257, 1263 [judicially noticeable facts not subject to reasonable dispute will not convert motion to dismiss into a motion for summary judgment], citing *Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 677; *U.S. v. Ritchie* (9th Cir. 2003) 342 F.3d 903, 908 [documents not attached to complaint but referred to extensively or that form basis of claims may be incorporated by reference if offered by defendant in connection with a motion to dismiss and taken as true].)

Despite their argument, Plaintiffs did not file any objections to the materials that are the subject of Defendants' request for judicial notice. Nor could they reasonably object given Plaintiffs' extensive reliance on many of the same materials and sources that form the bases for Plaintiffs' claims. (ECF 1, 19 & 44.) For example, the Repealed Stay-at-Home Order is the subject of Defendants' request for judicial notice as well as state-wide executive and public health orders. (ECF No. 42-1, Pg. ID Nos. 786-788, 833-835, 888-923, Exhs. 11-14 & 16-22.) All of these orders, except those that post dated the first amended complaint ("FAC") (filed on April 14), were cited and quoted extensively by Plaintiffs in the original complaint and operative FAC. (ECF 1, Pg. ID 2-7, ¶¶ 6-11, 16, 24-25, 27, 40 & 43; ECF 19, Pg. ID 80-2, 85-86, ¶¶ 34-39 & 50-57.) In addition, while Plaintiffs make a general reference to "disputed facts" contained in the judicially

---

[1]/(...continued)
MTD seeks to dismiss the FAC on mootness grounds which is typically a jurisdictional ground for dismissal under rule 12(b)(1). (ECF 42, Pg. ID 768-769.) By fully briefing their arguments in response to Defendants' mootness argument (ECF 43, Pg. ID 1008-1017), Plaintiffs suffer no prejudice for Defendants' inadvertent error in omitting 12(b)(1) as a basis for dismissal in their notice of motion. In any event, dismissal on jurisdictional grounds may be raised by any party at any time during the proceedings, as well as by the court sua sponte. (*SB Patients' Collective Co-Op v. City of Santa Barbara* (C.D. Cal. 2012) 911 F.Supp.2d 884, 890-891; see also *Altman, supra,* 2020 WL 2850291 at p. *5 [dismissing defendants sua sponte because modified orders rendered claims moot before denying motion for preliminary injunction as to claims against remaining defendants].)

noticeable materials without citing any particular fact that is actually disputed (ECF 43, Pg. ID 1007), Plaintiffs only offer widely published, readily discernable and known COVID-19-related facts from many of the same reliable sources that Defendants offer in connection with the MTD. (Cf. ECF 42-1, Exhs. 2-3 & 5-8 [COVID-19-related facts and data materials] with ECF 44, Exhs. 1-8 & 10 [COVID-19 related facts and data materials].)

### C. Plaintiffs Fail to State a Claim for Violation of their Second Amendment Rights

Plaintiffs argue that the FAC alleges "essential facts" that establish a legally sufficient Second Amendment claim. (ECF 43, Pg. ID 1018.) As is extensively set forth in the MTD, Defendants do not dispute that the Repealed Stay-at-Home Order mandated the closure of non-essential businesses for a finite period, from March 20 to May 7, in order to combat a public health crisis. (ECF 42, Pg. ID 760-764.) Defendants also do not dispute that under the Health Officer's definition of "essential businesses," i.e., businesses necessary to slow the spread of COVID-19 or that enabled persons to shelter at home, firearms stores were not essential. (ECF 42, Pg. ID 762.)

To the extent that Plaintiffs argue that the Health Officer erred in defining essential businesses and that firearms stores should have been included in the Health Officer's definition, Plaintiffs argument will not save the FAC. The Supreme Court explained that the Health Officer's determination of how to respond to a public health crisis is an area "fraught with medical and scientific uncertaint[y]," was to be given "especially broad" latitude, and that it would be improper for the "'unelected federal judiciary,' which lacks the background, competence, and expertise to assess public health," to second-guess such decisions. (*South Bay United Pentecostal Church v. Newsom* (May 29, 2020) No. 19A1044, ___ U.S. ___, 2020 WL 2813056, at *1 ("*South Bay United*").) To the extent Plaintiffs attempt to bolster their claim with reliance on allegations

4

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

contradicted by information contained in or incorporated by reference into their complaints, or by judicially noticeable facts, such allegations cannot be taken as true to survive the MTD. (ECF 42, Pg. ID 768, citing *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988.) For example, the Repealed Stay-at-Home Order was facially neutral and did not mention firearms stores, guns or ammunition, except in connection with the April 20 order, which did so in a manner that was solicitous of Plaintiffs' Second Amendment rights. (ECF 42, Pg. ID 763.) The plain language of the Repealed Stay-At-Home Order did nothing to prohibit Plaintiffs from "learn[ing] about, practic[ing] with, and keep[ing] and bear[ing] . . . arms," as Plaintiffs claim. (ECF 43, Pg. ID 1018.) Nor did the orders "foreclos[e] the only lawful means to buy, sell, and transfer firearms and ammunition available to typical, law abiding" Californians. (ECF 43, Pg. ID 1019.) Far from effecting a "bar," "prohibition" and a "complete preclusion" on Plaintiffs' ability to purchase firearms (ECF 19, Pg. ID 87-88, ECF 43 Pg. ID 1024), the Repealed Stay-at-Home Order did nothing more than impose a temporal limit – similar to a waiting period – on Plaintiffs' ability to engage in firearms-related transactions within Ventura County. As Plaintiffs concede in dismissing their right to travel claim, the orders expressly allowed them to travel outside the county to engage in firearms transactions.

### 1. The Repealed Stay-at-Home Order Survives Scrutiny under the Applicable *Jacobson* Framework

Plaintiffs argue that the *Jacobson* case identified by Defendants as the applicable framework to analyze Plaintiffs' claim is arcane and outdated jurisprudence. (ECF 43, Pg. ID 1020, citing *Jacobson v. Commonwealth of Massachusetts* (1905) 197 U.S. 1 [25 S.Ct. 302] ("*Jacobson*").) This is the same argument Plaintiffs made in a companion Second Amendment case they and their counsel of record in this case filed in the Northern District of California, *Altman v. County of Santa Clara,* Case No. 20-cv-02180-JST. (*Altman, supra*, 2020 WL

2850291, *7.) The *Altman* court flatly rejected Plaintiffs' argument, finding the *Jacobson* jurisprudence to be "alive and well – including during the present pandemic." (*Id.* at *7, citing *South Bay United, supra*, 2020 WL 2813056, at *1.)

In *Altman*, the plaintiffs asserted a Second Amendment challenge to COVID-19 "shelter-in-place" orders issued by health officers in four Northern California counties – Alameda, San Mateo, Santa Clara and Contra Costa. All of the county defendants' orders, like the Repealed Stay-at-Home Order, required the closure of non-essential businesses, i.e., businesses that did not serve the purpose of slowing the transmission of COVID-19 by enabling people to shelter at home and limit or avoid "behaviors that make transmission of the virus more likely." (*Id*. at *2.) As in Ventura County, firearms stores located within the four defendant county jurisdictions did not meet the definition of an "essential business" under the health orders and were ordered to close on March 16, 2020. (*Ibid*.) From the time the defendant counties orders issued on March 16, they were continually modified with respect to the duration of the order and in "light of the progress achieved in slowing the spread of COVID-19." (*Ibid*.) As in this case, by the time the *Altman* court considered the matter and after supplemental briefing on the mootness issue, three of the four counties had modified their health orders to allow for the "resumption of all in-store retail sales, subject to certain social distancing requirements": on May 29 for San Mateo, June 1 for Santa Clara and June 2 for Contra Costa. (*Id*. at *4.) The court dismissed defendants San Mateo, Santa Clara and Contra Costa counties because in those jurisdictions the plaintiffs were "now clearly able to purchase firearms and ammunition, [and] . . . the case [was] moot as to those defendants." (*Id*. at *5.) Alameda County, however, which continued to restrict retail sales to "curbside" pickup only, which left unresolved the question whether such curbside sales were lawful for firearms stores. The court analyzed whether plaintiffs were likely to succeed on the merits of

///

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

their Second Amendment claim against Alameda County before deciding that question in the negative and denying plaintiffs' motion for preliminary injunction. (*Id*. at **4-5.)

In recognizing the *Jacobson* jurisprudence as "alive and well," the *Altman* court cited cases from two circuits that held district courts erred in not using the *Jacobson* framework "to evaluate pandemic related restrictions." (*Altman, supra*, 2020 WL 2850291, at *7, citing *In re Abbott* (5th Cir. 2020) 954 F.3d 772, 785 [abortion rights] and *In re Rutledge* (8th Cir. 2020) 956 F.3d 1018, 1028 [same].) The court also noted case in two other circuits – cited by Plaintiffs here – that applied *Jacobson* "with the legal framework particular to the right in question." (*Altman, supra*, 2020 WL 2850291, at *7, citing *Robinson v. Att'y Gen.* (11th Cir. 2020) 957 F.3d 1171 [abortion]; and *Adams & Boyle v. Slatery* (6th Cir. 2020) 956 F.3d 913, 925-26 [same]; ECF 43, Pg. ID 1021-22.) Finally, while the court observed that the Ninth Circuit had "not yet announced a rule, district courts within this circuit have relied on *Jacobson* to evaluate the burdens that California and Arizona's orders have placed on religious exercise and travel." (*Altman, supra*, 2020 WL 2850291, at *7, citing *McGhee v. City of Flagstaff* (D. Ariz. May 8, 2020) 2020 WL 2308479, at *5 [upholding orders], *Cross Culture Christian Center v. Newsom* (E.D. Cal. May 5, 2020) 2020 WL 2121111, at *3-4 [same], and *Gish v. Newsom* (C.D. Cal. Apr. 23, 2020) 2020 WL 1979970, at *5 [same].) Even though the court found the *Jacobson* framework to be relevant to the analysis of whether the plaintiffs were likely to succeed on the merits of their claims, the court concluded that it "need not decide whether *Jacobson* or the Ninth Circuits's [Second Amendment] framework applies . . . because . . the court concludes that the Order survives review under either test." (*Altman, supra*, 2020 WL 2850291, at *8, citing *Robinson v. Marshall* (M.D. Ala. Apr. 12, 2020) 2020 WL 1847128, at *8.)

///

7

With respect to the *Jacobson* framework test, the Alameda County order "easily" met the first step of the two-step test: the order bore a "real or substantial relationship to the legitimate public health goal of reducing COVID-19 transmission and preserving health care resources." (*Altman, supra*, 2020 WL 2850291, at *9.) In drawing this conclusion, the court relied on declarations of the county health officer and an epidemiologist that set forth the need for the orders based on recommendations from the CDC and a "significant escalation" in the number of cases of COVID-19, a corresponding strain on health care, and evidence that suggested social distancing and shelter-in-place orders were effective to slow the spread of the virus. The court also noted that the plaintiffs in that case, as in this case, did not dispute the need for the orders, nor whether the orders met the first step of the *Jacobson* test. (*Ibid.*) For the same reasons, and as supported by the judicially noticeable materials, the relationship of the Repealed Stay-at-Home Order, which was shorter in duration than the Alameda County order, easily meets the first step of the *Jacobson* test, which conclusion Plaintiffs do not dispute.

The *Altman* court next determined that the Alameda County order did not effect a "plain, palpable invasion" of the plaintiffs' Second Amendment rights because it did not impose a "complete prohibition" on the right to bear arms that was deemed to be "categorically unconstitutional" in *District of Columbia v. Heller* (2008) 554 U.S. 570 [128 S.Ct. 2783] ("*Heller*"), and did not otherwise impermissibly burden the plaintiffs' rights. (*Altman, supra,* 2020 WL 2850291 at *10, citing *Heller, supra*, 554 U.S. at p. 629.) The court found that the Alameda County order's temporal limits, well-defined criteria for the termination of the order that required county officials to "continually review whether modifications to the Order are warranted," evidence that the order was not meant to be long term, and the facial neutrality of the order all supported its conclusion that the order was not, "beyond question, in palpable conflict with the Second Amendment." (*Id.* at

\*12.) As explained in more detail in Defendants' MTD, all of the factors relied upon by the court in the *Altman* case apply here. The Repealed Stay-at-Home Order did not, and does not, violate Plaintiffs' Second Amendment rights under the *Jacboson* framework. The FAC should be dismissed.

### 2. The Repealed Stay-at-Home Order Survives Scrutiny under Traditional Constitutional Analysis

Even if traditional constitutional scrutiny is applied to analyze Plaintiffs' Second Amendment claim, the claim still fails. Plaintiffs continue to argue that the Repealed Stay-at-Home Order would not survive any level of scrutiny, or alternatively, would not survive strict scrutiny or intermediate scrutiny, and that intermediate scrutiny would require Defendants to prove that "less restrictive alternatives do not exist or would be inadequate." (ECF 43, Pg. ID 1026-1027, citing *Ashcroft v. ACLU* (2004) 542 U.S. 656, 669 [128 S.Ct. 2783].) Plaintiffs' arguments in this regard have already been twice rejected by this court, and do not comport with post-*Heller* Second Amendment jurisprudence. (ECF 12, 30; *Altman, supra*, 2020 WL 2850291, at \*14, citing *Silvester v. Harris* (9th Cir. 2016) 843 F.3d 816, 823 ("*Silvester*").) First, consistent with this court's denial of Plaintiffs' first and second applications for a temporary restraining order, the *Altman* court found that the temporary nature of the burden imposed by Alameda County's order "was not so severe as to merit strict scrutiny." (*Altman, supra*, 2020 WL 2850291, at \*15, citing *McDougall v. County of Ventura* (ECF 12, Pg. ID 51.) To survive intermediate scrutiny, the challenged order must only be "'reasonably tailored to address the substantial' state interest." (*Altman, supra*, 2020 WL 2850291, at \*16, quoting *Pena v. Lindley* (9th Cir. 2018) 898 F.3d 969, 976.)

In *Altman*, the court concluded that the Alameda County order bore a "close" fit with the objective of slowing the spread of COVID-19. (*Altman, supra*, 2020 WL 2850291, at \*17 [finding fit of health order to objective of slowing

9

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

spread of virus to be "much closer" than in the cases of *Jackson, Lynch* and *Silvester*], citing *Jackson v. City and County of San Francisco* (9th Cir. 2014) 746 F.3d 953, 961 [ban on hollow point ammunition that is more fatal than other types of ammunition substantially related to city's interest in reducing shooting fatalities], *Wilson v. Lynch* (9th Cir. 2016) 835 F.3d 1083, 1092 [prohibition on illegal drug users' purchasing guns reasonable fit with interest of preventing gun violence], and *Silvester*, 843 F.3d at pp. 827-829 [10-day waiting period substantially related to government's interest in giving state time to complete background check].) In making this finding, the court noted that every person within Alameda County "is a potential vector for COVID-19," and credited evidence presented that "any decrease in human contact and in-person interaction helps slow the virus's spread, and thus that any exception to the shelter-in-place order makes the order less effective at achieving its goal." (*Id*.) For these same reasons, which are supported by the judicially noticeable facts submitted by both Defendants (ECF 42-1, Pg. ID 212-974) and Plaintiffs (e.g., ECF 44, Pg. ID 1058-1065), and the reasons set forth in the MTD, the Repealed Stay-at-Home Order easily survives intermediate scrutiny. The FAC should be dismissed.

### D.     Plaintiffs' Case Is Moot

Plaintiffs argue that their challenge to the Repealed Stay-At-Home Order is not moot because the orders "are likely" to be reinstated "at any time" due to an impending "second wave" of COVID-19-related infections, or in the alternative that their claim is justiciable because they seek nominal damages and declaratory relief in connection with their claims. (ECF 43, Pg. ID 1014-1017.) For the reasons stated above, Plaintiffs' Second Amendment claim fails on the merits, which failure abrogates any claims Plaintiffs have to declaratory or nominal damages relief. Moreover, Plaintiffs are not entitled to damages from any of the named government officials, nominal or otherwise, under the doctrine of qualified immunity. (*Harlow v. Fitzgerald* (1982) 457 U.S. 800, 817-818 [102 S.Ct. 2727].)

1  This is because the FAC contains no allegations that would overcome the qualified
2  immunity doctrine as to individual defendants Sheriff Ayub, Dr. Levin or County
3  Health Care Agency Director Foley.  And, for Plaintiffs to obtain declaratory
4  relief, there must be an independent basis for the court's jurisdiction which no
5  longer exists here due to the repeal of the Health Officer's challenged order.  (*Hall*
6  *v. Bank of New York Mellon* (9th Cir. 2018) 746 Fed.Appx. 627, 629.)

7        In support of the conclusory and speculative allegation that the Repealed
8  Stay-at-Home Order is likely to reissue (which is not an allegation made within the
9  FAC), Plaintiffs apparently rely on the headlines of some materials submitted with
10 the Opposition rather than the substance of the material contained within.  (ECF
11 44, Exhs. 1-10.)  At this juncture, there is no evidence that the re-issuance of
12 orders such as the Repealed Stay-at-Home Order are likely, or that a second wave
13 of COVID-19 infections is certain or even likely.  (*Board of Trustees of Glazing*
14 *Health and Welfare Trust v. Chambers* (9th Cir. 2019) 941 F.3d 1195, 1197 [party
15 challenging presumption of mootness must show a "reasonable expectation" of
16 reenactment "founded in the record . . . rather than on speculation alone."]
17 ("*Welfare Trust*").)  Rather, the evidence is that as safety measures such as social
18 distancing continue to be in place, restrictions on business operations and
19 activities are increasingly authorized in accordance with the State Order and the
20 Local Reopen Order.  (See e.g., Supp. RJN, Exh. 1.)  And while the evidence
21 Plaintiffs submitted shows an upward trend in infections within Ventura County
22 and elsewhere as businesses have started to reopen, and that there is a broad
23 "concern" from citizens and epidemiologists over the "possibility" of a second
24 wave of the virus, the evidence also shows that preventative measures are
25 working, that the rate of COVID-19-related hospitalizations has stabilized in
26 California, including in Ventura County, and that nationwide the "newly reported
27 COVID-19 deaths per week will continue to decline."  (ECF 44, Pg. ID 1072
28 [forecast of COVID-19-related deaths anticipates decline], 1040 [upward trend of

infection and stabilization of COVID-19 hospitalizations among 50 of California's 58 counties], 1046-1052 [detailing safety measures and prevention of COVID-19 spread], 1078 [citing "possibility" of second wave and identification of measures to prevent or minimize same], 1084-1085 [how to reduce the risk of COVID-19 transmission during civil protesting].) The evidence also shows that measures being undertaken now to slow the spread of COVID-19 are effective, which makes the re-issuance of the Repealed Stay-at-Home Order unlikely. (ECF 44, Pg. ID 1058-65; ECF 42-1, Pg. ID 927 ["owing to Californian's mitigation efforts, statewide data currently demonstrates stable rates of new infections and hospitalizations, the maintenance of surge capacity, and an improved ability to test, contact trace, isolate, and provide support to individuals exposed to COVID-19 . . . statewide data supports the gradual movement of the entire state from Stage 1 to Stage 2 of California's Pandemic Resilience Roadmap"]; see also Pg. ID 924-974, and Supp. RJN, Exh. 1.)

### 1. The Voluntary Cessation Doctrine Does Not Overcome the Presumption of Mootness

Plaintiffs claim that the exception to mootness under the voluntary cessation doctrine will preserve the remaining claim of the FAC. (ECF 43, Pg. ID 1009-1010.) The Ninth Circuit recently clarified the framework that applies when determining whether the repeal, amendment or expiration of an enactment moots related litigation. (*Welfare Trust*, *supra*, 941 F.3d at p. 1199.) It explained that courts should treat "the voluntary cessation of challenged conduct by government officials . . . 'with more solicitude than similar action by private parties'" and must "presume the repeal of legislation" moots related litigation "unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it." (*Welfare Trust, supra*, 941 at pp. 1198-1199, quoting *Am. Cargo Transp., Inv. v. United States* (9th Cir. 2010) 625 F.3d 1176, 1180.) "The party challenging the presumption of mootness need not show that

1 the enactment of the same or similar legislation is a virtual certainty, only that
2 there is a reasonable expectation of reenactment." (*Welfare Trust, supra*, 941 F.3d
3 at p. 1199.)

4     Plaintiffs argue that they overcome the presumption of mootness under the
5 voluntary cessation doctrine because the Repealed Stay-at-Home Order was "an
6 exercise of unchecked executive power" rather than a "legislative act." (ECF 43,
7 Pg. ID 1012.) The only case Plaintiffs cite for this proposition, however, does not
8 support this conclusion. (ECF 43, Pg. ID 1010, citing *Welfare Trust, supra*, 941
9 F.3d at 1197.) Rather, *Welfare Trust* observed that "legislative actions"
10 undertaken by a government should not be treated the same as a voluntary
11 cessation of challenged acts by a *private party*, and should be afforded a
12 presumption that the body is acting in good faith, giving rise to a presumption of
13 mootness unless there is a "reasonable expectation" that the challenged conduct
14 will resume. (*Id*. at p. 1199.) Here, the Health Officer is not a private party, and is
15 acting within the broad police powers granted to him by the state Legislature. In
16 other words, the Health Officer is entitled to the same presumption of good faith
17 as would be afforded to a legislative body. In addition, as explained above,
18 Plaintiffs' conclusory allegation that the Health Officer "is likely" to reissue the
19 Repealed Stay-at-Home Order is not supported by the evidence Plaintiffs cites,
20 which instead supports the opposite conclusion, i.e., that given the progress to
21 prevent a COVID-19-related surge, restrictive measures like those imposed under
22 the Repealed Stay-at-Home Order likely will not be necessary in the future.
23 Plaintiffs cannot overcome the presumption of mootness on a "speculative
24 possibility" alone that is unsupported by Plaintiffs' allegations and belied by the
25 judicially noticeable evidence. (*West Coast Seafood Processors Ass'n v. Natural*
26 *Resources Defense Council* (9th Cir. 2011) 643 F.3d 701, 704-705.) The FAC is
27 moot, and should be dismissed.
28 / / /

## 2. The Repealed Stay-at-Home Order Is Not "Capable of Repetition Yet Evading Review" within the Meaning of the Mootness Doctrine

Plaintiffs also claim that their Second Amendment claim is justiciable because the controversy is "capable of repetition, yet evading review." (ECF 43, Pg. ID 1010, citing *Planned Parenthood of Greater Washington and North Idaho v. U.S. Dep't of Health and Human Svcs.* (9th Cir. 2020) 946 F.3d 1100 ("*Planned Parenthood*") [controversy not moot where plaintiff had reasonable expectation injury was expected to recur because plaintiff intended to continue to apply for funding it claimed was wrongfully denied].) This exception to the presumption of mootness only applies where "(1) the complaining party reasonably expect[s] to be subject to the same injury again, and (2) the injury" is of a "type inherently shorter than the duration of the litigation." (*Planned Parenthood, supra*, 946 F.3d at p. 1109-1110, citing *Kingdomware Techs., Inc. v. United States* (2016) ___ U.S. ___ [136 S.Ct. 1969, 1976].) This exception to the mootness doctrine is to be applied sparingly, and only in "exceptional situations." (*Protectmarriage.com-Yes on 8 v. Bowen* (9th Cir. 2014) 752 F.3d 827, 836-837.)

In this case, given the short duration of the Repealed Stay at Home Orders, the first prong of this exception to mootness is arguably met. As explained above, however, the reasonable expectation that the alleged injury will recur is not met. There is no reasonable expectation in this case that the Health Officer will re-impose the Repealed Stay-at-Home Order. No "exceptional situation" is presented here to overcome the presumption of mootness.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# II
# CONCLUSION

Based on the foregoing, Defendants respectfully request that the court dismiss the First Amended Complaint.

LEROY SMITH
County Counsel, County of Ventura

Dated: June 16, 2020        By        /s/
                                      CHARMAINE H. BUEHNER
                                      Assistant County Counsel

Attorneys for Defendants County of Ventura (also erroneously sued as Ventura County Public Health Care Agency), Sheriff William Ayub (erroneously sued as "Bill Ayub"), Robert Levin and William T. Foley