Ronda Baldwin-Kennedy, Esq. (SB #302813)
Jerome A Clay, Esq. (327175)
**LAW OFFICE OF RONDA BALDWIN-KENNEDY**
5627 Kanan Rd. #614
Agoura Hills, CA 91301
Phone: (951) 268-8977
Fax: (702) 974-0147
Email: ronda@lorbk.com

Raymond M. DiGuiseppe (SB #228457)
**THE DIGUISEPPE LAW FIRM, P.C.**
4320 Southport-Supply Road, Suite 300
Southport, North Carolina 28461
Phone: 910-713-8804
Fax: 910-672-7705
Email: law.rmd@gmail.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD MCDOUGALL, *et al.*,<br><br>Plaintiffs,<br>vs.<br><br>COUNTY OF VENTURA, CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-02927-CBM (ASx)<br><br>**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Plaintiffs, by and through counsel, collectively request this Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following matters of public record relevant to the adjudication of the Motion to Dismiss:

**Exhibit A**: The opinion in *Duncan v. Becerra*, ___ F.3d___ (9th Cir. 2020), 2020 WL 4730668, published on August 14, 2020; and

1

2

**Exhibit B**: The opinion in *County of Butler v. Wolf*, ___ F.Supp.3d ___ (W.D. Pa. 2020), 2020 WL 5510690, published September 14, 2020.

3

4

5

6

7

8

9

As recently published case authorities from readily available and verifiable sources, these opinions are "matters of public record" proper for judicial notice. *Daghlian v. DeVry University, Inc.*, 461 F.Supp.2d 1121, 1143 (C.D. Cal. 2006) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001) ("under Fed.R.Evid. 201, a court may take judicial notice of 'matters of public record'"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

10

11

12

13

14

15

16

17

18

Further, the opinion in *Duncan v. Becerra* must be considered binding precedent from the date it was issued. *Yong v. I.N.S.*, 208 F.3d 1116, 1119, n. 2 (9th Cir. 2000) ("once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority"); *accord Durham v. Prudential Insurance Company of America*, 236 F.Supp.3d 1140, 1147 (C.D. Cal. 2017); *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987) ("District courts are, of course, bound by the law of their own circuit.").

19

20

21

22

Both opinions are relevant to the determination of the applicable standard of constitutional scrutiny in this case and to the proper application of that standard—in particular the analysis appearing at pages *12 through *17 in *Duncan v. Becerra* and the analysis appearing at pages *5 through *10 in *County of Butler v. Wolf*.

23

24

25

Plaintiffs therefore respectfully submit these opinions for this Court's judicial notice as being relevant to the Court's adjudication of the Motion to Dismiss.

Dated: September 17, 2020

26

27

28

/s/ *Raymond DiGuiseppe*

Raymond DiGuiseppe

Attorneys for Plaintiffs